**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SERGIO MAURICIO MOROCHO CHIMBO,<br>Petitioner, | : | |
| | : | |
| | : | |
| v. | : | No.　2:26-cv-3505 |
| | : | |
| J.L. JAMISON, *Warden of the Philadelphia* | : | |
| *Federal Detention Center*; BRIAN MCSHANE, | : | |
| *Acting Director of the Philadelphia Field Office of* | : | |
| *Immigration and Customs Enforcement*; | : | |
| MARKWAYNE MULLIN, *Secretary of the* | : | |
| *Department of Homeland Security*; TODD | : | |
| BLANCHE, *Acting Attorney General*, | : | |
| Respondents. | : | |

# **O R D E R**

**AND NOW,** this 3rd day of June, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] Respondents' Response in Opposition, ECF No. 4;[2] and Petitioner's Reply, ECF No. 7; and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518, 2026 WL 141803 (E.D. Pa. Jan. 20,

---

[1]　　Petitioner Sergio Mauricio Morocho Chimbo, a national of Ecuador, alleges that he entered the United States on May 19, 2003, "through Arizona, without inspection." Pet. ¶ 1, ECF No. 1. Since 2003, Morocho Chimbo has resided with his three children, who are United States citizens, in Hamilton, New Jersey. *See id.* ¶¶ 3-4. He runs his own construction company. *See id.* ¶ 5. On May 21, 2026, Morocho Chimbo was detained by Immigration and Customs Enforcement (ICE). *See id.* ¶¶ 6, 27. Morocho Chimbo was transported to the Philadelphia Federal Detention Center, where he is currently in Respondents' custody. *See id.* ¶ 11. He is being held without bond having been set. *See id.* ¶¶ 16, 46. Morocho Chimbo filed the instant Petition on May 22, 2026. He alleges that his detention violates: (I) bond regulations 8 C.F.R. §§ 236.1 and 1236.1, (II) procedural due process, (III) substantive due process, and (IV) the Immigration and Nationality Act ("INA"). *See id.* ¶¶ 64-77.

[2]　　On May 27, 2026, Respondents filed a Response in Opposition, arguing that the Court should deny habeas relief because: (1) Morocho Chimbo is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (2) Morocho Chimbo's detention does not violate Constitutional due process requirements. *See* Resp. 5, ECF No. 4.

2026), and *Mirdjalilov v. Fed. Det. Ctr. Phila., et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1.    Petitioner Sergio Mauricio Morocho Chimbo is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2.    **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3.    If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4.    The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3]    These opinions addressed similar habeas claims and rejected the Government's arguments, which are similar to those brought in the above-captioned action. These opinions are only two of dozens of analogous cases decided similarly in this District. In a manner consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required, but the Government did not make these arguments in the instant case. *See* Resp. 5 n.4.

[4]    Morocho Chimbo's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of Morocho Chimbo's claim based on due process and bond regulations. Because the petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.

060326